IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY BUTLER,

      Plaintiff,

vs.

CASE NO.: 4:14cv-_____-_____

BURGUNDY TIMBER, INC., a Florida
corporation,

      Defendant.

---

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, ANTHONY BUTLER, (hereinafter "BUTLER"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendant, BURGUNDY TIMBER, INC., a Florida corporation (hereinafter "BURGUNDY"), and states:

### JURISDICTION

1.     BUTLER invokes this Court's jurisdiction under Title 28 U.S.C. § 1343 on grounds that this action arises under Title 42 U.S.C. § 2000e *et seq*., of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), which prohibits employment discrimination on the basis of race or color.

2.    The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. § 1391(e). At all times relevant, BUTLER was employed by BURGUNDY.

## PARTIES

3.    The Plaintiff, ANTHONY BUTLER, is a 45-year old, African-American, male citizen of Gadsden County, Florida, residing at 436 Martin Luther King Jr. Blvd, Chattahoochee, Florida 32324. At all times pertinent, BUTLER was an employee for BURGUNDY, as defined in 42 U.S.C. 2000(e), holding the position of Log Truck Driver.

4.    The Defendant, BURGUNDY TIMBER, INC., is a Florida corporation organized in the state of Florida and existing at its Principal Address of 730 Faceville Hwy, Bainbridge, GA 39819. BURGUNDY is an employer as defined in 42 U.S.C. § 2000(e).

## ADMINISTRATIVE REMEDIES

5.    On February 10, 2014, BUTLER filed a formal Charge of Discrimination against BURGUNDY with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on the basis of race. BUTLER's Charge of Discrimination was assigned EEOC Charge No. 846-2014-11564. On February 25, 2014, the EEOC issued BUTLER a Dismissal and Notice of Rights.

6.    BUTLER is entitled to bring this action as a matter of law. All conditions precedent to the institution of this action by BUTLER have been fulfilled.

2

## STATEMENT OF THE CASE

7.    BUTLER re-alleges and incorporates Paragraphs 1 through 6, as if set forth in full herein.

8.    BURGUNDY hired BUTLER in June of 2013, to work in the position of Log Truck Driver.

9.    On October 7, 2013, BURGUNDY's Agent, Clint Beckham, issued BUTLER a written, Letter of Reprimand, which stated the purpose was to reprimand him because he "did not report for work on the morning of October 7, 2013" and he did not call to inform (Beckham) that he would not be at work that day.

10.    BUTLER was initially told that his crew would be working on Saturday, October 5, instead of Monday, October 7, due to anticipated rain/weather conditions on Monday, October 7. BUTLER was unable to work that Saturday, October 5, and was granted leave for the day to take care of his ailing mother. BURGUNDY changed plans and decided to also work on Monday, October 7. The Caucasian members of BUTLER's crew were made aware of this scheduling change and reported to work. BURGUNDY intentionally did not tell BUTLER of the change in work schedule and BUTLER had no reason to assume he should report for work on Monday, October 7. On Monday, October 7, BUTLER called his Crew Chief to check if a change had been made, but the Crew Chief never returned BUTLER's call.   That is why BUTLER did not report to work on October 7.

3

11.     On December 18, 2013, BURGUNDY issued BUTLER a termination notice. Three reasons for termination were listed:

a.     On December 11, 2013, BUTLER allegedly drove an unnecessary 80 miles when he mistakenly reported to the "old" job site.

b.     On December 12, 2013, BUTLER was allegedly seen by another employee swerving and driving slowly.

c.     On December 13, 2013, BUTLER was involved in a collision with another company machine in the woods.

12.     BUTLER's Crew Chief intentionally refused to inform BUTLER that his crew was changing job sites on the morning of December 11, 2013, and BUTLER reported to the old work site. BUTLER was then disciplined for reporting to the wrong work site on December 11, 2013.

13.     BUTLER's truck was malfunctioning on December 12, 2013. The truck was having difficulty picking up speed. BUTLER should not have received any discipline for the way he was driving his truck on December 12, 2013.

14.     On December 13, 2013, BUTLER stopped his truck in a safe location in the woods. A Caucasian equipment operator saw BUTLER stop and intentionally caused his machine to collide with BUTLER's truck. The Caucasian employee who intentionally caused his machine to collide with BUTLER's truck was not disciplined for his actions even though his Crew Chief was aware of his misconduct. BUTLER should not have received any discipline for the collision in the woods on December 13, 2013.

4

15.     BURGUNDY management is and was aware that the reasons listed for BUTLER's termination are false.

16.     BUTLER, the only African-American member of his crew, was replaced in employment by a Caucasian male.

17.     The false reasons for BUTLER's discharge were a pretext to replace BUTLER with this Caucasian male.

**COUNT I**
**Unlawful Employment Discrimination**
**On the Basis of Race in violation of 42 U.S.C. § 2000(e)(2)**

18.     BUTLER re-alleges and incorporates Paragraphs 1 through 17, as if set forth in full herein.

19.     BUTLER, as an African-American, is a member of a protected class and should not have been treated differently than Caucasian employees.

20.     BUTLER was well-qualified for the position of Log Truck Driver.

21.     BUTLER suffered an adverse employment action when BURGUNDY terminated BUTLER because of his race.

22.     BURGUNDY's actions give rise to an inference of discrimination because BURGUNDY was aware that the allegations against BUTLER in early December 2013, were untrue or misleading.

23.     BURGUNDY's disparate treatment of BUTLER was based on race discrimination and BURGUNDY intentionally sought to treat BUTLER different than

similarly-situated Caucasian employees, including Donny Bolding, Daniel McKenzie, and Alan Shivens.

24.    BURGUNDY engaged in discriminatory acts with malice or with reckless indifference to BUTLER's federally-protected rights.  The discriminatory practice of BURGUNDY affected the terms and conditions of BUTLER's employment.

25.    The reasons offered by BURGUNDY for BUTLER's termination from employment are a pretext for racial discrimination against BUTLER.

26.    As a direct and proximate result of the violation of BUTLER's rights, BUTLER has suffered and continues to suffer economic damages and is entitled to compensatory damages, including, but not limited to:  Loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings and benefits.

27.    As a result of the discriminatory actions by BURGUNDY and/or its agents, BUTLER has been forced to hire an attorney to protect his rights and, as such, is entitled to recover reasonable attorney fees and the costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ANTHONY BUTLER, demands judgment against the Defendant, BURGUNDY TIMBER, INC. and respectfully requests this Honorable Court for entry of its Order making BUTLER whole by awarding him the following relief:

      A.     Back pay from the date of termination to the date of trial;

      B.     Front pay in an amount this Court deems reasonable, or, alternatively, ordering BURGUNDY to reinstate the BUTLER to his former position or a comparable position;

      C.     Actual damages in an amount to be determined at trial;

      D.     Compensatory damages in an amount to be determined at trial;

      E.     Plaintiff's disciplinary record expunged;

      F.     Punitive damages in an amount to be determined at trial;

      G.     All attorney fees and costs of this action;

      H.     Any such other and further relief as this Court deems just and equitable.

Plaintiff respectfully requests a trial by jury.

**VERIFICATION**

I affirm under the penalty of perjury that the allegations contained in the foregoing document are true and correct to the best of my personal knowledge, information and belief.

ANTHONY BUTLER

Respectfully submitted,

GARY LEE PRINTY
FL BAR ID NO.: 363014
Attorney at Law
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
E-mail: attygaryprinty@embarqmail.com

Attorney for Plaintiff,
ANTHONY BUTLER